UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHELLE CARDENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Texas corporation; AMERICAN AIRLINES GROUP, INC., a publicly traded Delaware corporation; Tony LNU, an individual; and DOES 1 through 100, ,<br><br>Defendants. | Case No.: 17cv2513-GPC(JLB)<br><br>**ORDER DISSOLVING ORDER TO SHOW CAUSE FOR IMPROPER VENUE** |

Plaintiff, a resident of Arizona, filed a complaint against Defendants American Airlines, Inc., American Airlines Group, Inc. and Tony Lnu for excluding her from her flight in Dallas/Fort Worth and then cancelling future flight reservations and placing her on a temporary no-fly list without justification. (Dkt. No. 1, Compl.) She alleges causes of action under the Federal Aviation Act, 49 U.S.C. § 44902(a)(1), breach of contract, negligence, assault and battery, false imprisonment and intentional infliction of emotional distress. (Id.) On December 20, 2017, the Court issued an order to show cause why the case should not be dismissed for improper venue. On December 29, 2017, Plaintiff filed a response. (Dkt. No. 6.)

A court may *sua sponte* raise the issue of improper venue. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). A case may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporate defendant's residence is the state it has been incorporated. Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 166 (1948). Plaintiff has the burden to demonstrate the venue is proper in this district. Allstar Mktg. Grp., LLC v. Your Store Online, LLC, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009).

In the order to show cause, the Court noted that the complaint does not allege the citizenship of Defendant Tony Lnu for purposes of venue. (Dkt. No. 4 at 2.) In her response, Plaintiff argues that the Court has diversity jurisdiction over the action even though, in her response, she does not address the citizenship of Defendant Lnu and has not demonstrated that San Diego is her place of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.") While it is not clear whether the Court has diversity jurisdiction over the action, it has subject matter jurisdiction because Plaintiff has alleged a cause of action under the Federal Aviation Act, 49 U.S.C. § 44902(a)(1).

As to venue, Plaintiff cites to Cordero v. Cia Mexicana De Aviacion, S.A., 681 F.2d 669 (9th Cir. 1981) to support her argument that under the FAA, venue is proper in the state of the flight's origin. However, Cordero does not address venue. Instead, because the plaintiff, in Cordero, litigated his case in the Central District of California, the state of the flight's origin, Plaintiff, in this case, argues that Cordero holds that venue

is proper in the state of the flight's origin. Cordero makes no such holding, and Plaintiff's argument that under the FAA, venue is proper in the state of the flight's origin is not supported.

Plaintiff next argues that the acts giving rise to the claim of breach of contract occurred in San Diego as the contract was executed and performed in San Diego; Defendants agreed to transport Plaintiff from San Diego and return her to San Diego and all interactions between the plaintiff and defendants were initiated in San Diego. She purchased a round trip ticket from San Diego to Washington D.C. with a stopover in Dallas/Ft. Worth with American Airlines and paid for it by credit card in San Diego. (Dkt. No. 6-1, Cardenas Decl. ¶ 4.) She obtained her boarding pass and boarded her flight in San Diego. (Id. ¶ 5.)

On a breach of contract claim, venue is proper in "the place of intended performance rather than the place of repudiation." Lerman v. My Pillow, Inc., Case No. SACV 12-916 AG (RNBx), 2012 WL 12953662, at *7 (C.D. Cal. Oct. 1, 2012) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986)); see also Shropshire v. Fred Rappoport Co., 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (citing JSP Int'l v. Tri–Tech Group, Inc., No. 95Civ. 2422 (RPP), 1995 WL 413299, at *5 (S.D.N.Y. July 13, 1995) (in a breach of contract action venue is proper where the contract is negotiated and executed or where it was supposed to be performed).

Here, Plaintiff purchased her airline ticket in San Diego and performance was to begin in San Diego. Based on the place of intended performance in San Diego, and based on the record to date, Plaintiff has demonstrated that venue is proper in this district. Thus, the Court dissolves the order to show cause for lack of proper venue.

IT IS SO ORDERED.

Dated: January 5, 2018

Hon. Gonzalo P. Curiel
United States District Judge