UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHELLE CARDENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Texas corporation; AMERICAN AIRLINES GROUP, INC., a publicly traded Delaware corporation; Tony LNU, an individual; and DOES 1 through 100, ,<br><br>Defendants. | Case No.: 17cv2513-GPC(JLB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>**[Dkt. No. 10.]** |

Before the Court is Defendants' motion to dismiss the prayer for punitive damages and attorney's fees. (Dkt. No. 10.) Plaintiff filed an opposition and Defendants filed a reply. (Dkt. Nos. 14, 15.) Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**Background**

Plaintiff Machelle Cardenas ("Plaintiff" or "Cardenas"), a resident of Arizona, filed a complaint against Defendants American Airlines, Inc., American Airlines Group, Inc. (collectively "AA") and Tony Lnu ("Tony") alleging causes of action under the

1

Federal Aviation Act, 49 U.S.C. § 44902(a)(1), breach of contract, negligence, assault and battery, false imprisonment and intentional infliction of emotional distress for excluding her from a flight at the Dallas/Fort Worth airport and then cancelling future flight reservations and temporarily barring her from buying any tickets without justification. (Dkt. No. 1, Compl.)

On August 27, 2017, at around 6:25 p.m., Plaintiff was in a long line at an AA customer service desk located across from Gate A20 where her originally scheduled flight was to depart from Dallas/Ft. Worth Airport. (Id. ¶ 21.) She was flying from San Diego to Washington D.C. with a stopover in Dallas/Ft. Worth with her son. (Id. ¶ 34.) She was told by the AA ticketing agent on the phone that her departing flight was changed to Gate C33 but was told she had to continue to wait in line to arrange the re-routing of her luggage. (Id. ¶ 21.) There were about 30 people waiting in two lines at the customer service desk. (Id. ¶ 22.) Plaintiff asked AA agents at the desk whether there would be additional agents to assist due to the long lines and lack of progress. (Id.) She was told that additional help was on the way. (Id.) Subsequently, one of the AA's ticketing agents left so only one remaining AA ticket agent was handling the lines. (Id. ¶ 23.) The remaining ticketing agent was clearly overwhelmed and unable to assist everyone in time for the departing flight. (Id.)

Many customers in line then began to leave the line and walk across to Gate A20 where they were immediately assisted by three customer service representatives, including Tony Lnu, a AA security officer or customer service representative. (Id. ¶ 24.) Plaintiff and the other customers began to feel uncomfortable as those customers at Gate A20 received immediate attention so Plaintiff asked another customer to hold her spot in line while went to request assistance at Gate A20. (Id. ¶ 26.) Plaintiff approached Tony by gently tapping him on his shoulder to get his attention and said, "Excuse me . . . ." (Id. ¶ 27.) Tony immediately became agitated and started physically and verbally

2

assaulting Plaintiff without justification in a public display of power, control and authority. (Id. ¶ 28.) He yelled at her, made false accusations against her, falsely claimed she had assaulted him and stated he would press charges against her. (Id.) He held her against her will under color of authority by demanding that she wait in place and ordered other AA employees to watch over her while he retrieved security to arrest her. (Id. ¶¶ 28-29.) When Tony returned, Plaintiff unnecessarily apologized to Tony and theAA employees though she had done nothing wrong. (Id. ¶ 30.) Two female airport security agents arrived at Tony's request, recognized that there was no reason to detain or arrest her and told her she needed to get to Concourse C to confirm her ticket and boarding pass. (Id. ¶ 31.) Upon arrival at Gate C33, AA informed her that her ticket had been canceled and her account was locked. (Id. ¶ 32.) An AA agent on the phone advised her to get another ticket which she tried but was not able to. (Id.) She was informed that all her reservations had been cancelled and she was barred from buying any tickets based on her interaction with Tony. (Id.) Plaintiff had been flying with her son and was separated from him based on AA's conduct. (Id. ¶ 34.)

She was forced to stay overnight and purchased a ticket with United Airlines that left the next morning at 9 a.m. (Id. ¶ 35.) However, at around 3 a.m., AA unlocked her online account and she purchased an earlier non-stop flight to Washington D.C. that left at 6 a.m. in order to expeditiously reunite her with her son. (Id.)

## Discussion

### A. Legal Standard on Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set

forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). The court evaluates lack of statutory standing under the Rule 12(b)(6) standard. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

Under the federal pleading standard, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Thus, "[w]ith respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient." Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010) (citation omitted); see also Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015); Tamburri v. Suntrust Mortg., Inc., C–11–2899 EMC, 2012 WL 3582924, at *3 (N.D. Cal. Aug. 20, 2012) (same).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d

4

655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

Defendants move to dismiss the prayers for relief for punitive damages and attorney's fees under Rule 12(b)(6). In opposition, Plaintiff argues Defendants cannot seek to dismiss an improper prayer for relief under Rule 12(b) citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9 Cir. 2010). However, Whittlestone only held that Rule 12(f) does not authorize district courts to strike claims for damages based on legal grounds. Id. The court stated that the proper avenue for relief would be on a Rule 12(b)(6) or Rule 56 motion. Id. at 974. Accordingly, the Court may consider Defendants' motion to dismiss the relief for punitive damages pursuant to Rule 12(b)(6).

**B.  Punitive Damages**

The Complaint seeks punitive damages on the fourth cause of action for assault and battery, fifth cause of action for false imprisonment and sixth cause of action for intentional infliction of emotional distress. (Dkt. No. 1, Compl. at 15.[1])

Defendants argue that as corporate defendants, the Complaint fails to show that Tony Lnu was an officer, director or managing agent of Defendants. Defendants also maintain Plaintiff has failed to plead facts to support a claim for punitive damages because she "has failed to plead facts that show by clear and convincing evidence that American is guilty of oppression, fraud, or malice." (Dkt. No. 10 at 10.) Plaintiff argues that Defendants have applied the incorrect standard for pleading punitive damages.

A plaintiff is entitled to punitive damages where she can show by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."

---

[1] Page numbers are based on the CM/ECF pagination.

Cal. Civ. Code § 3294.[2] When the defendant is a corporation, the evidence must demonstrate that an officer, director or managing agent of Defendant, with advance knowledge of the employee's unfitness, committed, consciously disregarded, authorized or ratified an act of malice, oppression or fraud. Id.

Here, the Complaint alleges that AA are corporate defendants.[3] (Dkt. No. 1, Compl. ¶ 2.) In assessing whether an employee is an officer, director, or managing agent for

---

[2] Section 3294 provides,

(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.
. . .

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
(3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civil Code § 3294.

[3] In their motion, Defendants attach a declaration of MacKenzie Foellmer and attaches as Exhibit B a copy of the web page for American Airlines, Inc. retrieved from the website of the office of the California Secretary of State. (Dkt. No. 10-3, Foellmer Decl., Ex. B.) However, on a motion to dismiss, the Court's review is limited to the complaint and may not consider matters outside the complaint unless it is subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Here, Defendants merely attach Exhibit B to a declaration without seeking judicial notice or explaining why

6

purposes of section 3294, the California Supreme Court has taken a more narrow view, based on prior court of appeals decisions, of the term "managing agent" and held managing agents include "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999). In White, the court held that the zone manager was a "managing agent" of the defendant as she was responsible for managing eight stores and at least 65 employees and there was evidence that the defendant delegated most, if not all, of the responsibility for running these stores to her. Id. at 577 ("[zone manager] exercised substantial discretionary authority over vital aspects of [the defendant's] business that included managing numerous stores on a daily basis and making significant decisions affecting both store and company policy.") Punitive damages require proof of malice among the corporate leaders, "the officers, directors or managing agents" since they guide corporate conduct. Cruz v. HomeBase, 83 Cal. App. 4th 160, 167 (2000) (section 3294 "avoids punishing the corporation for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders."). A "managing agent" is one with substantial authority over [corporate policy]." Id. at 167-68 (employee was not managing agent because he was a supervisor subordinate to the store manager in a single outlet of a multi-store chain and only supervised a few employees).

In Cruz, the plaintiff was accused of allegedly stealing a sheet of plywood at a store despite having a receipt and the security guard and his supervisor detained, handcuffed, kicked, pushed Cruz into a bench and wall, spilled his wallet and contents on the floor and called him derogatory names. Id. at 163. When a police officer arrived, Cruz showed his receipt but he was nonetheless arrested, stripped, searched, booked and was tried on two

---

the Court should consider matters outside the complaint on their Rule 12(b)(6) motion. Accordingly, the Court declines to consider Exhibit B.

7

counts of misdemeanor battery but was acquitted by a jury. Id. The court of appeals noted that despite the employees' "limited sphere of authority," their "decisions could have significant consequences . . . . But, then, every corporate employee's reckless or malicious conduct has the potential to cause serious injury. Whether the corporation will be liable for punitive damages depends, not on the nature of the consequences, but rather on whether the malicious employee belongs to the leadership group of 'officers, directors, and managing agents.'" Id. at 168.

The Complaint solely alleges that Tony Lnu is employed by AA in the capacity of a security officer or consumer service representative. (Dkt. No. 1, Compl. ¶¶ 3, 24.) Defendants argue Plaintiff has filed to allege that Tony is an "officer, director or managing agent" of AA and, thus, the punitive damages claim should be dismissed. Plaintiff responds that Tony was essentially a managerial supervisor of AA with discretionary authority and his conduct of removing Plaintiff from the flight, placing her under false arrest by ordering security guards to detain her, cancelling her future flights and locking her out of her account demonstrates that he is a "managing agent" of AA. (Dkt. No. 14 at 3.) In support, Plaintiff cites to White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999) and Dawes v. Superior Ct., 111 Cal. App. 3d 82, 85, 91 (1980), but they do no support her position. In White, the employee was a zone manager who had significant responsibility affecting company policy, White, 21 Cal. 4th at 577, and in Dawes, the court of appeal held that the defendant who was employed in a managerial capacity and was the principal owner of the corporation sufficiently alleged punitive damages of a corporate entity, Dawes, 111 Cal. App. 3d at 91.

Here, the only allegation concerning Tony's role in Defendants' corporations is as a security officer or customer service representative, not a supervisory role, and Plaintiff has not provided any authority to support her argument that Tony, as a security officer or customer service representative, and his conduct towards Plaintiff qualify him as a managing agent of a corporation sufficient to determine corporate policy. See Piutau v. Federal Express Corp., No. C 01-0028-MMC, 2003 WL 1936126, at *5 (N.D. Cal. Apr.

8

21, 2003) (insufficient evidence that [the employee], the Senior Manager of Operations at Defendant's facility in San Francisco was a managing agent).

Accordingly, because Plaintiff has failed to sufficiently allege facts that Tony was a "managing agent" or provide caselaw to support her argument, the Court GRANTS Defendants' motion to dismiss the punitive damages prayer for relief. However, because Plaintiff could plausibly cure the deficiency and amend the complaint, the Court grants Plaintiff leave of Court to file an amended complaint. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

As to whether Plaintiff has sufficiently alleged oppression, fraud or malice, Defendants improperly rely on California's heightened pleading standard on punitive damages arguing that Plaintiff has failed to demonstrate by clear and convincing evidence that punitive damages is warranted. However, in federal court, the liberal federal pleading standard of Rules 8 and 9 apply. As noted above, Rule 9 provides that malice, intent knowledge and other condition of mind may be alleged generally. See Fed. R. Civ. P. 9(b); Greenwich Ins. Co. v. Rodgers, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010) (citation omitted); see also Rees v. PNC Bank, N.A., 308 F.R.D. 266, 273 (N.D. Cal. 2015).

The Complaint claims that AA and security officials at Dallas/Ft Worth airport knew that Tony had difficulty in dealing with members of the opposite sex based on previous events. (Dkt. No. 1, Compl. ¶¶ 20, 28, 33.) He had previously subjected women and others to improper displays of power, control and authority. (Id. ¶ 33.) He publically berated females for personal gratification and to keep them in line. (Id.) AA had advance knowledge of Tony's behavior and authorized or ratified his wrongful conduct. (Id. ¶ 3, 73.) AA failed to supervise Tony and failed to intervene to prevent his conduct and never investigated whether there were any safety or security risks. (Id. ¶ 33.) As a result, Plaintiff was subject to verbal abuse and physical restraint. Tony wrongfully retaliated against her by removing her from the flight, cancelling her future reservations locked her out of her online account and effectively placed her in temporary no-fly status. (Id.) AA also refused

9

to allow her to buy a ticket on any other flight that day. (Id.) In accepting Plaintiff's facts as true and taking all reasonable inferences in her favor, the Court concludes that the Complaint sufficiently alleges facts to support the oppression, fraud or malice aspect of punitive damages.

Accordingly, because Plaintiff has not sufficiently alleged that Tony was an "officer, director, or managing agent" the Court GRANTS Defendants' motion to dismiss with leave to amend.

## C. Attorney's Fees

Defendants move to dismiss the request for attorney's fees that is asserted in every cause of action since the contract at issue does not provide for attorney's fees and Plaintiff has not asserted a statute allowing reasonable attorney's fees. (Dkt. No. 1, Compl. at 14-15.) In her opposition, Plaintiff essentially concedes she does not oppose the motion in relation to the claim for attorney's fees. (Dkt. No. 14 at 5.) Therefore, the Court GRANTS Defendants' motion to dismiss the request for attorney's fees as unopposed.

## Conclusion

Based on the reasoning above, the Court GRANTS Defendants' motion to dismiss with leave to amend the prayer for punitive damages. Plaintiff shall file an amended complaint within seven (7) days of the filed date of this order. If Plaintiff does not file an amended complaint, Defendants shall file an answer within twenty-one (21) days of the filed date of this order. The hearing set for May 4, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: April 26, 2018

Hon. Gonzalo P. Curiel
United States District Judge