UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHELLE CARDENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Texas corporation; AMERICAN AIRLINES GROUP, INC., a publicly traded Delaware corporation; Tony LNU, an individual; and DOES 1 through 100, ,<br><br>Defendants. | Case No.: 17cv2513-GPC(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Dkt. No. 20.]** |

Before the Court is Defendant's motion to dismiss the prayer for punitive damages asserted in the first amended complaint ("FAC"). (Dkt. No. 20.) Plaintiff filed an opposition and Defendant filed a reply. (Dkt. Nos. 24, 26.) Based on the reasoning below, the Court DENIES Defendant's motion to dismiss.

/ / / /

/ / / /

/ / / /

/ / / /

1

**Background**

Plaintiff Machelle Cardenas ("Plaintiff" or "Cardenas"), a resident of Arizona, filed a complaint against Defendants American Airlines, Inc., ("AA"), American Airlines Group, Inc. and Tony Lnu ("Tony") alleging causes of action under the Federal Aviation Act, 49 U.S.C. § 44902(a)(1) for wrongful refusal to transport, breach of contract, negligence, assault and battery, false imprisonment and intentional infliction of emotional distress for excluding her from a flight at the Dallas/Fort Worth airport and then cancelling future flight reservations and temporarily barring her from buying any tickets without justification. (Dkt. No. 18, FAC)

On August 27, 2017, at around 6:25 p.m., Plaintiff was in a long line at an AA customer service desk located across from Gate A20 where her originally scheduled flight was to depart from Dallas/Ft. Worth Airport. (Id. ¶ 21.) She was flying from San Diego to Washington D.C. with a stopover in Dallas/Ft. Worth with her son. (Id. ¶ 34.) She was told by the AA ticketing agent on the phone that her departing flight was changed to Gate C33 but was told she had to continue to wait in line to arrange the re-routing of her luggage. (Id. ¶ 21.) There were about 30 people waiting in two lines at the customer service desk. (Id. ¶ 22.) Plaintiff asked AA agents at the desk whether there would be additional agents to assist due to the long lines and lack of progress. (Id.) She was told that additional help was on the way. (Id.) Subsequently, one of the AA's ticketing agents left so only one remaining AA ticket agent was handling the lines. (Id. ¶ 23.) The remaining ticketing agent was clearly overwhelmed and unable to assist everyone in time for the departing flight. (Id.)

Many customers in line then began to leave the line and walk across to Gate A20 where they were immediately assisted by three customer service representatives, including Tony Lnu, a AA security officer or customer service representative with "significant authority and judgment in corporate decision making such that his decisions

2

determine corporate policy." (Id. ¶ 24.) Plaintiff and the other customers began to feel uncomfortable as those customers at Gate A20 received immediate attention so Plaintiff asked another customer to hold her spot in line while she went to request assistance at Gate A20. (Id. ¶¶ 25, 26.) Plaintiff approached Tony by gently tapping him on his shoulder to get his attention and said, "Excuse me . . . ." (Id. ¶ 27.) Tony immediately became agitated and started physically and verbally assaulting Plaintiff without justification in a public display of power, control and authority. (Id. ¶ 28.) He yelled at her, made false accusations against her, falsely claimed she had assaulted him and stated he would press charges against her. (Id.) He held her against her will under color of authority by demanding that she wait in place and ordered another AA employee to watch over her while he retrieved security to arrest her. (Id. ¶ 28.) Two female airport security agents arrived at Tony's request and eventually told her she would not be arrested and that she needed to get to Concourse C to confirm her ticket and boarding pass. (Id. ¶ 31.) Upon arrival at Gate C33, AA informed her that her ticket had been canceled and her account was locked. (Id. ¶ 32.) An AA agent on the phone advised her to get another ticket which she tried but was not able to. (Id.) She was informed that all her reservations had been cancelled and she was barred from buying any tickets based on her interaction with Tony. (Id.) Plaintiff had been flying with her son and was separated from him based on AA's conduct. (Id. ¶ 34.) Neither knew whether the other was safe and she was disoriented, scared and shocked. (Id.)

     She was forced to stay overnight and purchased a ticket with United Airlines that left the next morning at 9 a.m. (Id. ¶ 35.) However, at around 3 a.m., AA unlocked her online account and she purchased an earlier non-stop flight to Washington D.C. that left at 6 a.m. in order to expeditiously reunite her with her son. (Id.)

Defendant American Airlines, Inc. moves to dismiss the punitive damages claim in the FAC for Plaintiff's failure to sufficiently allege that Tony was a managing agent of AA. Plaintiff opposes.

**Discussion**

**A.     Legal Standard on Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief," and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). The court evaluates lack of statutory standing under the Rule 12(b)(6) standard. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

4

## B. Punitive Damages

The FAC seeks punitive damages on the fourth cause of action for assault and battery, fifth cause of action for false imprisonment and sixth cause of action for intentional infliction of emotional distress. (Dkt. No. 1, FAC at 17.[1])

Defendant argues despite another opportunity to allege punitive damages against it as a corporate defendant, the FAC fails to assert that Tony is an officer, director or managing agent of Defendant. Plaintiff argues she has asserted sufficient facts to assert that Tony is a managing agent of AA.

A plaintiff is entitled to punitive damages where she can show by "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294.[2] When the defendant is a corporation, the evidence must demonstrate that an officer, director or managing agent of Defendant, with advance knowledge of the employee's unfitness, committed, consciously disregarded, authorized or ratified an act of malice, oppression or fraud. Id.

---

[1] Page numbers are based on the CM/ECF pagination.
[2] Section 3294 provides,

(a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

(b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civil Code § 3294.

Here, the FAC alleges that AA is a corporate defendant. (Dkt. No. 18, FAC ¶ 2.) In assessing whether an employee is an officer, director, or managing agent for purposes of section 3294, the California Supreme Court has taken a more narrow view of the term "managing agent" and held managing agents include "only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy." White v. Ultramar, Inc., 21 Cal. 4th 563, 566-67 (1999). A "managing agent" is one with substantial authority over [corporate policy]." Cruz v. HomeBase, 83 Cal. App. 160, 167-68 (2000) (section 3294 "avoids punishing the corporation for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders.").

While section 3294 substantively applies California law and requires a narrow definition of managing agent, on a motion to dismiss, the Court must apply Rule 8's liberal federal pleading standard and Plaintiff need only assert a "short and plain statement" that Tony is a managing agent.[3] See Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (noting that "[w]hile California law governs Plaintiff's substantive claim for punitive damages under California Civil Code § 3294, the Federal Rules of Civil Procedure govern the punitive damages claim procedurally with respect to the adequacy of pleadings."); see also Taheny v. Wells Fargo Bank, N.A., CIV. S–10–2123–LKK, 2011 WL 1466944, at *4 (E.D. Cal. Apr. 18, 2011) ("Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court.") (quoting Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000)).

---

[3] In the Court's prior order on Defendant's motion to dismiss, the Court noted that the only allegation concerning Tony's role at AA was as a security officer or customer service representative and not a supervisory one. (Dkt. No. 16 at 8-9.) In contrast, the FAC alleges additional facts, if taken as true, raises a plausible claim that Tony is a managing agent of AA.

The FAC alleges that Tony is employed by AA in the capacity of a "corporate and managerial security officer authorized by AA with significant responsibility affecting AA's policy toward security, customer interactions and internet accounts of customers." (Dkt. No. 18, FAC ¶ 3.) It also claims Tony is a AA security officer or customer service representative with "significant authority and judgment in corporate decision making such that his decisions determine corporate policy." (Id. ¶ 24.) Furthermore, the FAC claims that Tony is a supervisor and manager of AA at the Dallas/Ft. Worth national hub and has corporate authority over all or most other AA employees at Dallas/Ft. Worth. (Id. ¶ 30.) Specifically, he has corporate control over internet customer accounts, in the areas of customer relations, security and ticketing. (Id.) These allegations satisfy the liberal pleading standard under Rule 8 and the Court concludes that Plaintiff has stated a claim for punitive damages against AA, a corporate defendant.

**Conclusion**

Based on the reasoning above, the Court DENIES Defendant's motion to dismiss. The hearing set for June 28, 2018 shall be **vacated**.

IT IS SO ORDERED.

Dated: June 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge

7

17cv2513-GPC(JLB)