UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACHELLE CARDENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC., a Texas corporation; AMERICAN AIRLINES GROUP, INC., a publicly traded Delaware corporation; Tony LNU, an individual; and DOES 1 through 100, ,<br><br>Defendants. | Case No.: 17cv2513-GPC(JLB)<br><br>**ORDER GRANTING DEFENDANT ANTHONY REDELFS', ERRONEOUSLY SUED AS TONY LNU, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AS MOOT**<br>**[Dkt. No. 31.]** |

Before the Court is Defendant Anthony Redelfs' motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) and for insufficient service of process pursuant to Rule 12(b)(5). (Dkt. No. 31.) Plaintiff filed an opposition and Defendant filed a reply. (Dkt. Nos. 33, 34.) Based on the reasoning below, the Court GRANTS Defendant Anthony Redelfs' motion to dismiss

1

lack of personal jurisdiction and DENIES the motion to dismiss for insufficient service of process as moot.

## Background

Plaintiff Machelle Cardenas ("Plaintiff" or "Cardenas"), a resident of Arizona, filed a complaint against Defendants American Airlines, Inc., ("AA"), American Airlines Group, Inc. and Anthony Redelfs ("Tony"), erroneously sued as Tony LNU, alleging causes of action under the Federal Aviation Act, 49 U.S.C. § 44902(a)(1) for wrongful refusal to transport, breach of contract, negligence, assault and battery, false imprisonment and intentional infliction of emotional distress for excluding her from a flight at the Dallas/Fort Worth airport and then cancelling future flight reservations and temporarily barring her from buying any tickets without justification. (Dkt. No. 18, FAC.[1])

According to the FAC, on August 27, 2017, at around 6:25 p.m., Plaintiff was in a long line at an AA customer service desk located across from Gate A20 where her originally scheduled flight was to depart from Dallas/Ft. Worth Airport. (Id. ¶ 21.) She was flying from San Diego to Washington D.C. with a stopover in Dallas/Ft. Worth with her son. (Id. ¶ 34.) She was told by the AA ticketing agent on the phone that her departing flight was changed to Gate C33 but was told she had to continue to wait in line to arrange the re-routing of her luggage. (Id. ¶ 21.) There were about 30 people waiting in two lines at the customer service desk. (Id. ¶ 22.) Plaintiff asked AA agents at the desk whether there would be additional agents to assist due to the long lines and lack of

---

[1] On April 26, 2018, the Court granted Defendants' motion to dismiss the complaint with leave to amend. (Dkt. No. 16.) Plaintiff filed a FAC on April 30, 2018. (Dkt. No. 18.)

2

17cv2513-GPC(JLB)

progress. (Id.) She was told that additional help was on the way. (Id.) Subsequently, one of the AA's ticketing agents left so only one remaining AA ticket agent was handling the lines. (Id. ¶ 23.) The remaining ticketing agent was clearly overwhelmed and unable to assist everyone in time for the departing flight. (Id.)

Many customers in line then began to leave the line and walk across to Gate A20 where they were immediately assisted by three customer service representatives, including Tony, a AA security officer or customer service representative, and is an officer, director or managing agent of AA with "significant authority and judgment in corporate decision making such that his decisions determine corporate policy." (Id. ¶ 24.) Plaintiff and the other customers began to feel uncomfortable as those customers at Gate A20 received immediate attention so Plaintiff asked another customer to hold her spot in line while she went to request assistance at Gate A20. (Id. ¶¶ 25, 26.) Plaintiff approached Tony by gently tapping him on his shoulder to get his attention and said, "Excuse me . . . ." (Id. ¶ 27.) Tony immediately became agitated and started physically and verbally assaulting Plaintiff without justification in a public display of power, control and authority. (Id. ¶ 28.) He yelled at her, made false accusations against her, falsely claimed she had assaulted him and stated he would press charges against her. (Id.) He held her against her will under color of authority by demanding that she wait in place and ordered another AA employee to watch over her while he retrieved security to arrest her. (Id. ¶ 28.) Two female airport security agents arrived at Tony's request and eventually told her she would not be arrested and that she needed to get to Concourse C to confirm her ticket and boarding pass. (Id. ¶ 31.) Upon arrival at Gate C33, AA informed her that her ticket had been canceled and her account was locked. (Id. ¶ 32.) An AA agent on the phone advised her to get another ticket which she tried but was not able to. (Id.) She was

informed that all her reservations had been cancelled and she was barred from buying any tickets based on her interaction with Tony. (Id.) Plaintiff had been flying with her son and was separated from him based on AA's conduct. (Id. ¶ 34.) Neither knew whether the other was safe and she was disoriented, scared and shocked. (Id.)

She was forced to stay overnight and purchased a ticket with United Airlines that left the next morning at 9 a.m. (Id. ¶ 35.) However, at around 3 a.m., AA unlocked her online account and she purchased an earlier non-stop flight to Washington D.C. that left at 6 a.m. in order to expeditiously reunite her with her son. (Id.)

Defendant moves to dismiss the FAC against him for lack of personal jurisdiction and for insufficient service of process. Defendant Tony states his permanent residence is in Colorado. (Dkt. No. 31-4, Redelfs Decl. ¶ 2.) He has no bank accounts or other real or tangible property in California. (Id. ¶ 4.) The events described in the FAC subjecting him to liability all occurred outside of California. (Id. ¶ 3.) Plaintiff opposes.

## Discussion

**A.  Legal Standard on Personal Jurisdiction**

A court may dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." In re Western States Wholesale Natural Gas Antitrust Litig. v. Oneok, Inc., 715 F.3d 716, 741 (9th Cir. 2013). If the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Bryton Purcell LLP v. Recordon & Recordon, 575 F.3d 981, 985 (9th Cir. 2009). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. In re Western States, 715 F.3d at 741; AT&T v. Compagnie

4

Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established.) At the same time, however, the plaintiff cannot establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing some evidence of their existence. Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977) (a plaintiff cannot "simply rest on the bare allegations of its complaint, but rather was obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."). While a prima facie showing of personal jurisdiction is only required, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007) (citations omitted).

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." Marvix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). California's long-arm statute is "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1976) (quoting Threlkeld v. Tucker, 496 F.2d 1101, 1103 (9th Cir. 1974)). As such, the Court need only consider the requirements of due process. Due process requires that nonresident defendants have "minimum contact" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either "general" or "specific." See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466

U.S. 408, 415-16 (1984); see Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (court may assert general jurisdiction or specific jurisdiction over a non-resident defendant).

A court may exercise general jurisdiction over a nonresident defendant when he is domiciled in the forum state or his activities in the forum are "substantial", "continuous: or "systematic." Panvision Internat'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). For an individual, the paradigm forum is his or her domicile. Goodyear, 564 U.S. at 924.

Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414 n. 8. The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation." Walden v. Riore, 134 S. Ct. 1115, 1121 (2014). Specific jurisdiction is limited to ruling on "issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear Dunlop Tires, 131 S. Ct. at 2851 (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the States." Bristol-Myers Squibb Co. v. Superior Ct. of California, 137 S. Ct. 1771, 1781 (2017).

Defendant argues there is no basis to assert personal jurisdiction over him because he is not domiciled in California, does not have any property in California and does not have any minimum contacts with California. Moreover, all the alleged wrongful acts occurred in Texas, not California.

In response, Plaintiff first contends the doctrine of judicial estoppel prevents re-litigation of the allegations in the complaint because the Court previously concluded that

the FAC alleges fact to state a claim for relief under Rule 12(b)(6). Because the Court found that Tony is a managing agent of AA, then both AA and Tony have "extensive wide-ranging, or substantial, continuous, and systematic contacts with this jurisdiction." (Dkt. No. 33 at 2.) Defendant replies that the Court's ruling on Rule 12(b)(6) is distinct from Rule 12(b)(2).

The Court agrees with Defendant that the Court's prior ruling on whether the complaint alleged causes of action is distinct from whether the Court has personal jurisdiction over the defendants. See Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990) ("Liability and jurisdiction are independent. Liability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum."). Plaintiff's judicial estoppel argument is without merit.

Next, relying solely on the allegations in the FAC, Plaintiff argues that because Tony is a managing agent of AA, is engaged in the business of selling commercial flights throughout the United States, including California, and he and AA "routinely sell tickets and make reservations over the internet in California and San Diego", he is subject to general jurisdiction in this forum. (Dkt. No. 33 at 3.)

By way of her argument, Plaintiff seeks to assert jurisdiction over Tony based on his employment at AA and is seeking to use AA's contacts to support his contacts in California. However, jurisdiction over each defendant must be established separately. Sher, 911 F.2d at 1365 ("Regardless of their joint liability, jurisdiction over each defendant must be established individually."); Rush v. Savchuk, 444 U.S. 321, 331-32 (1980) ("The requirements of International Shoe . . . must be met as to each defendant.").

The court cannot impute jurisdictional contacts from one defendant to another. Sher, 911 F.2d at 1365. Plaintiff improperly asks the Court to impute AA's contacts to Tony. Furthermore, Tony is domiciled in Colorado and his activities in California are not substantial, continuous or systematic to approximate a physical presence in California. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004). Plaintiff has not demonstrated that the Court has general jurisdiction over Tony.

Similarly, for purposes of specific jurisdiction, Plaintiff has not presented any facts or legal support that the causes of action arise from Tony's activities within California. Relying on the FAC, Plaintiff claims she bought her tickets from AA while in San Diego on the internet. Thereafter, Tony refused to allow her to fly from Dallas to Washington D.C. and cancelled her entire round-trip reservation including her return to San Diego. (Id.) These allegations do not arise out of or relate to any contacts Tony had with California. Instead, the causes of action arising from the alleged incident occurred in Texas. Accordingly, Plaintiff has failed to show that the Court has specific jurisdiction over Tony.

Finally, the Court notes that Plaintiff fails to meet her evidentiary burden to demonstrate the Court has personal jurisdiction over Tony by failing to provide any additional facts to support personal jurisdiction and relies solely on the allegations in the FAC. See Amba, 551 F.2d at 787 (plaintiff was required to provide additional facts, beyond alleged in the complaint, supporting personal jurisdiction). In sum, the Court concludes that Plaintiff has failed to demonstrate that the Court has personal jurisdiction over Tony.

Accordingly, the Court GRANTS Defendant Tony's motion to dismiss for lack of personal jurisdiction. Because the Court GRANTS the motion to dismiss, the Court DENIES Tony's motion to dismiss for insufficient service of process as MOOT.

## Conclusion

Based on the reasoning above, the Court GRANTS Defendant Anthony Redelfs' motion to dismiss for lack of personal jurisdiction and DENIES Defendant's motion to dismiss for insufficient service of process as MOOT. The hearing set for December 20, 2018 shall be **vacated**. .

IT IS SO ORDERED.

Dated: December 11, 2018

Hon. Gonzalo P. Curiel
United States District Judge